**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROGER DAMIAN SABORIT QUILEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02216-TLP-tmp |
| v. | ) | |
| | ) | |
| WEST TN DETENTION CORE CIVIC and ICE,[1] | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DIRECTING STATUS UPDATE AND**
**DIRECTING CLERK TO MODIFY DOCKET**

On March 2, 2026, pro se Petitioner Roger Damian Saborit Quilez, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee ("ICE Facility") since November 2025,[2] petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 6.) It also ordered Respondent not remove Petitioner from the Western District of Tennessee while the Petition remains pending. (*Id.*) And it further ordered Petitioner to reply within twenty-eight days of service. (*Id.*) The Court sent a copy of the Order to Petitioner. Respondent timely responded. (ECF No. 7.)

---

[1] The proper respondent to the § 2241 Petition is the United States Immigration and Customs Enforcement District Director for the district in which the alien is being detained. *See Roman v. Ashcroft*, 340 F.3d 314, 320–22 (6th Cir. 2003). The Court therefore respectfully **DIRECTS** the Clerk to add "**Christopher Bullock**" as Respondent and to terminate the currently named Respondents.

[2] Petitioner's identification number is 7704242. (ECF No. 1 at PageID 1.)

On March 16, 2026, the ICE Facility returned Petitioner's mail back to the Court, marking it as "undeliverable" because the envelope did not include Petitioner's name.  (ECF No. 11-1.)  So on April 15, 2026, the Clerk's Office remailed the Order to Petitioner.  It has been over six weeks since then, and the Court has yet to receive Petitioner's reply.  Given Petitioner's ability to file this Petition, the Court hesitates before dismissing for failure to prosecute.

The Court therefore **DIRECTS** Respondent to provide a status update to the Court.  The update shall include:

(1)   An update of Petitioner's status.  Specifically, whether Petitioner has been provided a bond hearing; and if so, whether he has been released or is still detained.  If he has been released, the Court will dismiss the Petition as moot.

(2)   But if Petitioner is still detained and the basis of his detention is 8 U.S.C. § 1225(b)(2)(A), Respondent shall either distinguish this case from *Lopez-Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), or state why *Lopez-Campos* otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)   And if Petitioner is still detained, the update shall include whether the ICE Facility has provided a copy of this Court's mailings to Petitioner.

Respondent shall provide this update within **seven (7) days** of entry of this Order.

**SO ORDERED**, this 1st day of June, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE