**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ROGER DAMIAN SABORIT QUILEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02216-TLP-tmp |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On March 2, 2026, pro se Petitioner Roger Damian Saborit Quilez, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee since November 2025, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 6.) And it further ordered Petitioner to reply within twenty-eight days of service. (*Id.*) The Court sent a copy of the Order to Petitioner.

Respondent timely responded on March 13, 2026. (ECF No. 7.) And then a few days later, the ICE Facility returned Petitioner's mail back to the Court, marking it as "undeliverable." (ECF No. 11-1.) So on April 15, 2026, the Clerk's Office remailed the Order to Petitioner. But after about six weeks, Petitioner had yet to reply.

The Court then directed Respondent to provide a status update by June 8, 2026. (ECF No. 13.) The update was to (1) include an update of Petitioner's status—specifically, whether he had received a bond hearing or was otherwise released; or (2) reason for distinguishing *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) from this case if Petitioner is still detained;

1

and (3) whether the ICE Facility had provided Petitioner with the Court's Order.  (*Id.*)  To date, Respondent has failed to provide any status update.  But Petitioner has since filed a Notice of Supplemental Authority discussing *Lopez-Campos v. Raycraft* and a Reply to Order to Show Cause and Notice of Status.  (ECF No. 14.)  He explains that he did not timely receive the Court's mailings, remains detained at the ICE Facility, and has not been provided a bond hearing.  (*Id.* at PageID 61–62.)  For the reasons below, the Court **GRANTS** the Petition.

## BACKGROUND

Petitioner, a Cuban citizen, entered the United States in August 2023 and applied for admission.  (ECF No. 7 at PageID 28.)  The Department of Homeland Security ("DHS") issued him a Notice to Appear on November 2025, charging him with being an "arriving alien" under the Immigration and Nationality Act.  (*Id.*)  The Court is unaware of the events that led to his detention, but he still remains in ICE custody at the West Tennessee Detention Facility in Mason, Tennessee.  (*See id.*)

Petitioner alleges that DHS and the Executive Office of Immigration Review ("EOIR") have not provided him a bond hearing.  (*See generally* ECF Nos. 1, 14.)  Instead, DHS and EOIR determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a change from the decades-long practice of affording noncitizens in Petitioner's position with bond hearings before their removal proceedings.  *See Lopez-Campos*, 175 F.4th at 725.  Construing his filings liberally, Petitioner alleges that his detention under § 1225(b) violates his Fifth Amendment right to due process.  (*See* ECF No. 14 at PageID 56.)  He asks the Court to grant the Petition and order his immediate release.  (ECF No. 1 at PageID 7.)

## ANALYSIS

On May 11, 2026, a divided Sixth Circuit panel issued its decision in *Lopez-Campos v. Raycraft*, affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.  The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion. *Id.* at 725.  "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process." *Id.* at 735.

Respondent "acknowledges that the legal issues raised in the Petition come down to the Court's interpretation and application of either 8 U.S.C. § 1225 or 8 U.S.C. § 1226 to Petitioner's detention in this case."[1]  (ECF No. 7 at PageID 29.)  But that was before the Sixth Circuit issued *Lopez-Campos*.  And Respondent has not responded to this Court's June 1, 2026, Order, directing him to distinguish that case if at all possible.

No matter.  Because Petitioner's detention is squarely governed by *Lopez-Campos*, the Court **GRANTS** his Petition.  Petitioner's detention not only violated procedural due process but deprived him of liberty for nearly seven months.  He is therefore entitled to immediate release. *See, e.g.*, *Villafranca Lara v. Ladwig*, No. 26-2079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

---

[1] Respondent argues that the Court should require Petitioner to exhaust his administrative remedies before ruling on the Petition.  (ECF No. 7 at PageID 29.)  The Court has rejected this same argument countless times and need not re-explain its reasoning. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026).

## CONCLUSION

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent to

release Petitioner immediately.  The Court further **ORDERS** Respondent to file a Status Report

within **two business days**, to certify compliance with this Order.

    **SO ORDERED**, this 12th day of June, 2026.

                          s/ Thomas L. Parker
                          THOMAS L. PARKER
                          UNITED STATES DISTRICT JUDGE